[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant, the state of Ohio, appeals the judgment of the Hamilton County Court of Common pleas granting the motion to suppress filed by defendant-appellee, Willie Gardner, in a prosecution for robbery. For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
{¶ 3} On the night of December 17, 2001, Christopher Joyce reported that he had been robbed by a group of six to eight young, African-American males. Joyce described one of the men as being approximately six feet, two inches tall and heavy set, with an Afro hairstyle, facial hair, and possibly gold teeth.
{¶ 4} Between one and two weeks after the offense, the investigating officer showed Joyce a book of twenty-four photographs. The officer told Joyce that the subjects in the photographs were known to frequent the area where the robbery had occurred and that they had previously been in trouble with the law. Joyce recognized Gardner from his photograph and identified him as one of the men involved in the robbery.
{¶ 5} Gardner filed a motion to suppress the identification, and, following a hearing, the trial court granted that motion. The state has now appealed, arguing in a single assignment of error that the trial court erred in granting the motion to suppress.
{¶ 6} To suppress identification testimony, the trial court must find that the procedure employed was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification.[1] As the United States Supreme Court has stated, "Reliability is the linchpin in determining the admissibility of identification testimony," and even if the identification procedure was suggestive, so long as the challenged identification itself is reliable, it is admissible.[2]
{¶ 7} In the case at bar, the procedure that the investigating officer used was not so suggestive as to give rise to a substantial likelihood of misidentification. The officer used a very large number of photographs, all of young, African-American males. Although many of the subjects did not match all of the characteristics of Gardner as described by Joyce, a sufficient number did correspond to the general description to avoid the conclusion that the procedure was unduly suggestive. And although the officer told Joyce that all of the subjects had been in trouble with the law, the officer did not indicate a belief that Gardner was the perpetrator or otherwise attempt to influence Joyce's selection.
{¶ 8} Moreover, even were we to accept the argument that the procedure was unduly suggestive, we would nonetheless hold that the identification itself was sufficiently reliable to be admissible. Joyce testified that he had had ample time to view Gardner, under adequate lighting conditions, and with the degree of attention necessary to ascertain his appearance. Joyce was able to state with certainty, both at the time of the photographic lineup and at the hearing on the motion, that Gardner was involved in the offense.[3] Under these circumstances, the trial court erred in granting the motion to suppress, and the assignment of error is sustained.
 {¶ 9} Therefore, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See Neil v. Biggers (1972), 409 U.S. 188, 198, 93 S.Ct. 375; Statev. Green (1996), 117 Ohio App.3d 644, 652, 691 N.E.2d 316.
[2] Manson v. Brathwaite (1977), 432 U.S. 98, 114, 97 S.Ct. 2243;Green, supra.
[3] See Biggers, supra, at 199-200, 93 S.Ct. 375.